GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9609
Jason L. Solotaroff
Amy E. Robinson
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TIERRA WILLIAMS,

                      Plaintiff,                                  **COMPLAINT**

        -against-                                 Dkt. No.


CONSTRUCTION AND REALTY SERVICES GROUP, INC.,
TRADE OFF LLC, and RONALD LATTANZIO,

                      Defendants.

-----------------------------------------------------------------------X


       Plaintiff Tierra Williams, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendants Construction and Realty Services Group Inc., Trade Off LLC, and Ronald Lattanzio, alleges as follows:

### Preliminary Statement

    1.      This is an action for sexual harassment, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

    2.      Ms. Williams worked as a laborer for Defendants on various construction sites from November 2015 until August 2017. During this time period, Ms. Williams was sexually

harassed by two different supervisors.  When she complained about the harassment, Defendants terminated her employment.

## THE PARTIES

3.      Plaintiff Williams is an African American woman who lives in Brooklyn, New York.

4.      Defendant Construction and Realty Services Group Inc. ("CRSG") is a corporation organized under the laws of New York with its principal place of business in Lynbrook, New York.

5.      Defendant Trade Off LLC ("Trade Off") is a corporation organized under the laws of Delaware with its principal place of business in Lynbrook, New York.

6.      Trade Off is a division of CRSG. Trade Off and CRSG (collectively "Defendants") have common ownership and directors, share management and human resources services, share payroll and insurance programs, have common employees and managers, and share office space. Indeed, Trade Off employees are covered under benefit plans in the name of CRSG.

7.      Ronald Lattanzio, as he acknowledged in an article in Crain's New York Business on October 31, 2018,[1] is the owner of Trade Off. On information and belief, Mr. Lattanzio owns Trade Off through his ownership of CRSG. Mr. Lattanzio lives in New York, New York. Also as acknowledged in the Crain's New York Business article, Mr. Lattanzio is actively involved in the operation of Trade Off and CRSG and has personal involvement in issues related to Ms. Williams's employment as well as involvement in determining Trade Off and CRSG's policies

---

[1] https://www.crainsnewyork.com/real-estate/contractor-caught-crossfire-hudson-yards-fight

regarding sexual harassment.

## VENUE AND JURISDICTION

8.      This Court has jurisdiction over Ms. Williams's Title VII claim pursuant to 28

U.S.C. § 1343 and § 1331.  Ms. Williams filed a complaint with the Equal Employment

Opportunity Commission ("EEOC") on December 11, 2017. The EEOC issued a right to sue

letter, attached hereto as Exhibit A, on November 2, 2018. Plaintiff Williams and Defendants

CRSG and Trade Off entered into an agreement to toll the statute of limitations on all of their

claims during the period January 29, 2019 to March 29, 2019. This Court has jurisdiction over

Ms. Williams's claims under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367.

9.      Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial

part of the events or omissions giving rise to the claim occurred in this District.

10.      This Court has personal jurisdiction over Defendants because they operate

businesses in New York State, conduct business in New York State, and employed Plaintiff

within New York State.

## FACTS

11.      Ms. Williams worked at Trade Off from November 18, 2015, until August 10,

2017.

12.      Ms. Williams worked for Trade Off at several construction sites including 68

Charlton Street, 1 Wall Street, and 520 West 30th Street.

13.      Along with other female employees of Trade Off, Ms. Williams experienced

regular sexual harassment on the job.  Male workers, both employed by Trade Off and other

contractors, would regularly make statements about the female employees' physical appearances,

about how they would like to have sex with the female employees, that the female employees did

not belong on a construction site as well as a wide variety of other sexist and harassing comments.

14.     Trade Off managers observed, failed to prevent, and participated in this harassment.  Indeed, as set forth below, Trade Off managers were among the worst offenders, using their power over Ms. Williams and the other female employees to harass them and to attempt to obtain sexual favors from them.

15.     At the 68 Charlton Street site, a Trade Off supervisor named Varshawn constantly verbally and physically harassed Ms. Williams, using sexually lewd language and by making sexual advances. In one instance, Varshawn pushed Ms. Williams and said, "Fuck You Bitch," and then threatened to beat Ms. Williams up. Varshawn also exploited his position of power by harassing other female coworkers.

16.     On the 520 West 30th Street site, Ms. Williams was severely harassed by a supervisor named Tony. On a near-daily basis, Tony would try to convince Ms. Williams to have sex with him. When Ms. Williams refused, Tony would constantly stare at Ms. Williams in a menacing manner, especially when she was going in and coming out of the bathroom.  When Ms. Williams asked Tony to stop staring at her, he responded, "Bitch I do what the fuck I want to. I don't know who you think you're talking to. I don't think you know who I am."  Tony continued to stare at and harass Ms. Williams.

17.     Upon information and belief, Ms. Williams's other female coworkers were taken off jobs or lost over-time for refusing to sleep with supervisors.

18.     On Tuesday, August 8, 2017, Ms. Williams spoke to Justin Hagedorn, a Trade Off supervisor, about the sexual harassment she experienced at 520 W 30th Street. Hagedorn was unresponsive to Ms. Williams's complaints, but he said Ms. Williams was a good worker and

that her job was safe. Two days later, Hagedorn informed Ms. Williams she was fired. Hagedorn

said that the decision was made by the higher-ups because Ms. Williams was "insubordinate"

and "time-stealing."

19.     These allegations were false. Ms. Williams had not been subordinate and had not

been paid for time that she had not worked. The termination was in retaliation for Ms. Williams

complaints.

## FIRST CLAIM FOR RELIEF
(Sexual Harassment in Violation of Title VII Against CRSG and Trade Off)

20.     Plaintiff repeats and re-alleges the allegations contained in the preceding

paragraphs above as if fully set forth herein.

21.     Defendants discriminated against, and harassed Plaintiff in the terms and

conditions of her employment, based on her sex, in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e.

## SECOND CLAIM FOR RELIEF
(Sexual Harassment in Violation of NYSHRL Against All Defendants)

22.     Plaintiff repeats and re-alleges the allegations contained in the preceding

paragraphs above as if fully set forth herein.

23.     Defendants discriminated against, and harassed Plaintiff in the terms and

conditions of her employment based on her sex in violation of the NYSHRL.

## THIRD CLAIM FOR RELIEF
(Sexual Harassment in Violation of NYCHRL Against All Defendants)

24.     Plaintiff repeats and re-alleges the allegations contained in the preceding

 paragraphs above as if fully set forth herein.

25.     Defendants discriminated against, and harassed Plaintiff in the terms and conditions of her employment based on her sex in violation of the NYCHRL.

## FOURTH CLAIM FOR RELIEF
(Retaliation in Violation of Title VII Against CRSG and Trade Off)

26.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

27.     Defendants retaliated against Plaintiff in the terms and conditions of her employment, based on her opposition to sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## FIFTH CLAIM FOR RELIEF
(Retaliation in Violation of NYSHRL Against All Defendants)

28.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

29.     Defendants retaliated against Plaintiff in the terms and conditions of her employment, based on her opposition to sex discrimination in violation of the NYSHRL.

## SIXTH CLAIM FOR RELIEF
(Retaliation in Violation of NYCHRL Against All Defendants)

30.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

31.     Defendants retaliated against Plaintiff in the terms and conditions of her employment, based on her opposition to sex discrimination in violation of the NYCHRL.

WHEREFORE, Plaintiff demands judgment:

1.  Reinstating Plaintiff's employment with Defendants and upon reinstatement, enjoining Defendant from harassing Plaintiff on the basis of her sex or retaliating against her for her complaints of sex discrimination, in the terms and conditions of her employment;

2.  Awarding Plaintiff back pay;

3.  Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

4.  Awarding Plaintiff punitive damages;

5.  Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:      New York, New York
            April 2, 2019

                            GISKAN, SOLOTAROFF & ANDERSON LLP


                            s/_____
                    By:     Jason L. Solotaroff
                            Amy E. Robinson
                            217 Centre Street
                            New York, New York 10013
                            646-964-9609
                            jsolotaroff@gslawny.com
                            arobinson@gslawny.com
                            *ATTORNEYS FOR PLAINTIFF*